UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 11-CV-3034 |
| ANNETTE D. CHAPMAN and HAROLD L. CHAPMAN, | ) ) ) ) | |
| Defendants. | | |

**OPINION**

JUDGE SUE E. MYERSC0UGH:

The Court now considers Plaintiff's Motion for Judgment of Foreclosure and Sale (d/e 15). For the reasons stated below, the Motion is ALLOWED.

I. FINDINGS

Because the amount in controversy exceeds $75,000 and the parties are completely diverse, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Venue is appropriate in this judicial district because the property at issue is situated in Atlanta, Illinois. See 28 U.S.C. 1391.

Service of process has been properly made. The last owner of redemption was served on February 21, 2011. The statutory right to reinstate, pursuant to 735 ILCS

5/15-1602, shall expire May 21, 2011. The statutory right of redemption, pursuant to 735 ILCS 5/15-1603, shall expire September 21, 2011, unless shortened by further order of the Court.

All the material allegations of the Complaint (d/e 1) filed pursuant to 735 ILCS 5/15-1504 (including those required by statute) have been proven true. U.S. Magistrate Judge Byron G. Cudmore made an entry of default on March 16, 2011. See d/e 14. The Mortgage and Note which is the subject matter of these proceedings is extinguished and replaced by this Judgment. By virtue of the Mortgage and the evidence of the indebtedness secured by it, there is due and owing to Plaintiff the following amount which shall continue to be a valid and subsisting lien upon the subject property described hereinafter.

| | |
|---|---|
| Principal Balance, Accrued Interest and Other Amounts Due as Stated in Plaintiff's Affidavit | $100,723.96 |
| Plaintiff's Attorneys' Fees and Costs | $1,588.00 |
| TOTAL JUDGMENT AMOUNT | $102,311.96 |

Any advances made in order to protect the judgment lien and preserve the real estate shall become so much additional indebtedness secured by the judgment lien. Such advances include, but are not limited to, payment for property inspections, real estate taxes or assessments, property maintenance, and insurance premiums incurred

by Plaintiff and not included in this Judgment, but paid prior to the judicial sale. Any such advance shall bear interest from the date of the advance at the Judgment rate of interest, except in the case of Redemption or Payoff, in which case the note rate of interest shall apply pursuant to 735 ILC 5/15-1603(d).

Under the provisions of the Mortgage, the costs of foreclosure and reasonable attorneys' fees are an additional indebtedness for which Plaintiff should be reimbursed; such expenses and reasonable attorneys' fees are hereby allowed to the Plaintiff.

The Court approves the portion of the lien attributable to attorneys' fees only for purposes of the foreclosure sale, and not for purposes of determining the amount of a deficiency judgment required to be paid personally by Defendant in the event of redemption or otherwise. In the event of redemption by Defendant or for purposes of any personal deficiency judgment, this Court reserves the right to review the amount of attorneys' fees to be included for either purpose. Plaintiff's counsel is required to notify Defendant of the provisions of this paragraph by mailing a copy of this Judgment to Defendant.

The Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Logan County Recorder of Deeds as Document No. 0039641, and the subject property encumbered by said Mortgage and directed to be

sold is legally described as follows:

> Lot 4 and the South 75.2 Feet of Lot 5 in Block (5)in Bill's West Addition to the Town, Now City of Atlanta. Logan County, Illinois.

Commonly known as: 506 W. South St., Atlanta, IL 61723

The rights and interests of all the other parties to this cause in the subject property are inferior and subordinate to the lien of the Plaintiff. Copies of the Note and the Mortgage or Affidavit of Documents as are attached to Plaintiff's Complaint have been offered in evidence. Plaintiff is hereby given leave to withdraw, if any, the Original Note and the Original Mortgage and substitute copies of those documents.

Plaintiff has been compelled to employ and retain attorneys to prepare and file the Complaint and to represent and advise the Plaintiff in the foreclosure of the mortgage. Defendant is liable for the usual, reasonable and customary fees incurred by Plaintiff.

Plaintiff has been compelled, and may be compelled after entry of this Judgment, to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure. These sums may include, without limiting the generality of the foregoing, filing fees, service of process fees, copying charges, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence, costs of procuring abstracts of title, foreclosure minutes and a title insurance policy, and costs of sale, etc. Under the

terms of the mortgage, all such advances, costs, attorneys' fees and other fees, expenses, and disbursements are made a lien upon the mortgaged real estate. Plaintiff is entitled to recover all such advances, costs, attorneys' fees, expenses, and disbursements, together with interest on all advances at the judgment rate of interest, from the date on which such advances are made, except in the case of Redemption or Payoff, in which case the note rate of interest shall apply pursuant to 735 ILCS 5/15-1603(d).

In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate. In order to protect and preserve the mortgaged real estate, it has or may also become necessary for Plaintiff to make other payments, including but not limited to fire and other hazard insurance premiums on the real estate or payments for such repairs to the real estate as may reasonably be deemed necessary for the proper preservation thereof. Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the judgment rate of interest except in the case of Redemption or Payoff, in which case the note rate of interest shall apply pursuant to 735 ILCS 5/15-1603(d).

The allegations of Plaintiff's Complaint are true substantially as set forth, and

the equities favor Plaintiff. Plaintiff is entitled to the relief prayed for in the Complaint, including foreclosure of the mortgage upon the real estate described therein for the Total Judgment Amount as found above, together with interest at the statutory judgment rate after the entry of this judgment, and additional advances, expenses, reasonable Attorneys' fees and court costs, including but not limited to publication costs and expenses of sale.

This real estate is free and clear of all liens and encumbrances that have been named herein, or of any claims that are subject to a recorded notice of foreclosure, subject to any rights of redemption available to a Defendant pursuant to 735 ILCS 5/15-1603(a).

Plaintiff's mortgage is prior and superior to all other mortgages, claims of interests and liens upon said real estate that have been named herein or any claims that are subject to a recorded notice of foreclosure.

The sum of attorneys' fees allowed herein as stated above is the fair, reasonable, and proper fee to be allowed to Plaintiff as attorney's fees in this proceeding through the date of this Judgment, in accordance with the terms of the Note and Mortgage given by said Defendants. That sum should be added to and become a part of the indebtedness due to Plaintiff.

IT IS THEREFORE ORDERED AND DECREED AS FOLLOWS:

# 1. JUDGMENT OF FORECLOSURE AND SALE:

Judgment is entered pursuant to 735 ILCS 5/15-1506 against the subject property and against all Defendants not previously dismissed.

    a.    In the event Defendants do not pay to Plaintiff the amounts required pursuant to the Illinois mortgage foreclosure law before expiration of any redemption period (or, if no redemption period, within seven days after the date of this judgment), together with attorneys' fees, costs, advances, and expenses of the proceedings (to the extent provided in the mortgage or by law), the mortgaged real estate shall be sold as directed by the Court. The proceeds of such sale will be used to satisfy the amount due to Plaintiff as set forth in this Judgment, together with the interest, advances, and expenses incurred after Judgment at the statutory judgment rate from the date of the Judgment.

    b.    In the event Plaintiff is a purchaser of the mortgaged real estate at such sale, the Plaintiff may offset against the purchase price of such real estate the amount due under the judgment for foreclosure and order confirming the sale.

    c.    If no redemption is made prior to such sale, such a sale shall forever bar and foreclose the Defendants made parties to the foreclosure and all persons claiming by, through or under them, and each and any and all of them, from any right, title, interest, claim, lien, or right to redeem in and to the mortgaged real estate.

    d.    If no redemption is made prior to such sale, a deed shall be issued to the purchaser at sale according to law and such purchaser shall be allowed possession of the mortgaged real estate in accordance with statutory provisions relative thereto.

## 2. SALE:

The subject real estate is ordered to be sold pursuant to 735 ILCS 5/15-1507.

## 3. SALE PROCEDURES:

a.  The subject real estate shall be sold pursuant to statute at the expiration of both the reinstatement period and the redemption period. The premises herein above described, covered by the security foreclosed in this action, shall be sold at public venue by the U.S. Marshal's Service.

b.  The judicial sale to be conducted pursuant to this Judgment for foreclosure and sale shall be by public auction. The opening bid shall be a verbal bid provided to the U.S. Marshal's Service by Plaintiff and conducted by the U.S. Marshal's Service and shall be conducted in full compliance with the statutory requirements contained in 735 ILCS 5/15-1507. In the event that Plaintiff fails to notify the U.S. Marshal's Service of its initial bid, then the U.S. Marshal's Service shall continue the sale to a date mutually agreed upon by the U.S. Marshal's Service and Plaintiff's counsel and in compliance with 735 ILCS 5/15-1507(c)(4). If the sale is erroneously held without Plaintiff having notified the U.S. Marshal's Service of Plaintiff's initial bid, Plaintiff shall have the option to have the sale vacated and held for naught.

c.  The real estate shall be sold to the highest bidder for cash, in the form of a cashier's check, certified funds, or other good bank funds, with all sums due at the time of sale unless other terms are agreed to by Plaintiff. The U.S. Marshal's Service shall not accept cash in the form of currency, nor shall the U.S. Marshal's Service accept personal checks or other funds that in the discretion of the U.S. Marshal's Service are not "good funds". The sale terms are a down-payment of 10% in certified funds, with the remaining balance due within 24 hours in the form of a cashier's check, certified funds, or other good bank funds. In the event the bidder fails to comply with the terms of the purchase, then upon demand by Plaintiff, in a notice served on the U.S. Marshal's Service and the bidder, the funds submitted shall be forfeited to Plaintiff, or in the alternative, Plaintiff shall have the option to demand that the property be sold to the next highest bidder. In the event there is a third party bidder other than the Plaintiff, the U.S. Marshal's

> Service shall obtain the name, address (other than a post office box), and telephone number of that bidder. Notice by regular mail, to the address given by the bidder and to the U.S. Marshal's Service, shall be deemed sufficient notification by the Plaintiff to exercise its option to forfeit the funds.

- d. Any purchaser at the Judicial Sale takes subject to any and all liens, encumbrances, or existing defects in title. The subject property is offered for sale without any representation as to quality or quantity of title. Plaintiff shall not be responsible for any damages resulting from existing liens, encumbrances, or title defects, nor does Plaintiff make any warranties as to the condition of title, either express or implied, by virtue of the judicial sale.

## 4. NOTICE OF SALE:

- a. In a foreclosure under Article 15, the mortgagee, its Attorney, the U.S. Marshal's Service, or such other party designated by the Court, shall give public notice of the Sale pursuant to statute. The Notice of Sale shall include all information as required by 735 ILCS 5/15-1507(c) parts (A)-(H) where such information is available to Plaintiff or counsel for Plaintiff. Immaterial errors in the information shall not invalidate the legal effect of the notice. Plaintiff shall include any information regarding improvements to the property, where such information is available, to the Plaintiff; provided, however, that Plaintiff is not obligated to make a determination as to such improvements where such a determination would cause the incurrence of additional cost to the Plaintiff unless otherwise ordered by the Court. The Notice of Sale shall contain at least the following information:

    - i. The name, address, and telephone of the person to contact for information regarding the real estate.

    - ii. The common address and other common description (other than legal description), if any, of the real estate.

    - iii. A legal description of the real estate sufficient to identify it

     with reasonable certainty.

   iv.  A description of the improvements on the real estate.

   v.  The times specified in the Judgment or separate order, if any, when the real estate may be inspected prior to sale.

   vi.  The time and the place of the sale.

   vii.  The terms of the sale.

   viii.  The title, case number, and the court in which the foreclosure was filed.

   ix.  In the case of a condominium unit, to which Subsection (g) of Section 9 of the Condominium Act applies, the statement required by subsection (g)(5) of the Condominium Property Act.

   x.  Any other information required herein or by separate order.

b.  The notice of sale shall be published in four consecutive calendar weeks (Sunday through Saturday), once in each week. The first such notice to be published not more than 34 days prior to the sale, and the last such notice shall be published not less than 7 days prior to the sale. Publication shall be by advertisement in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed. In addition, except in counties with a population in excess of 3,000,000 publication shall include a separate advertisement in the section of such newspaper which real estate, other than real estate being sold as part of legal proceedings, is commonly advertised to the general public. Such a separate advertisement in the real estate section need not include a legal description. However, where both advertisements could be published in the same newspaper and that newspaper does not have separate legal notices and real estate advertisement sections, a single advertisement with the legal description shall be

sufficient, and no other publications shall be required unless otherwise ordered by the Court.

c.   The party who gives notice of public sale shall also give notice of public sale to all parties in the action who have appeared and have not heretofore been found by the Court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 34 days nor less than 7 days prior to the day of sale. After notice is given as required by statute, a copy thereof shall be filed in the office of the Clerk of the Court together with a certificate of counsel or other proof of that notice has been served in compliance with this Section.

d.   The party who gives notice of public sale shall again give notice of any adjourned sale; provided, however, that if the adjourned sale is to occur less than 60 days after the last scheduled sale, notice of any adjourned sale need not be given.

e.   Notice of the sale may be given prior to the expiration of any reinstatement period or redemption period. No other notice by publication or posting shall be necessary.

f.   The person named in the notice of sale to be contacted for information about the real estate may, but shall not be required to, provide additional information other than that set forth in the notice of sale.

## 5. SALE PROCEEDS:

a.   In the event that Plaintiff is the purchaser of the mortgaged real estate at such sale, Plaintiff may offset against the purchase price of such real estate the amounts due under the Judgment of Foreclosure together with interest at the statutory interest rate from the date of Judgment through the date of sale, plus any fees, costs and advances made after the entry of this Judgment of Foreclosure and Sale pursuant to 735 ILCS 5/15-1505 and 15-1603.

b.  The proceeds of the sale shall be distributed in the following order pursuant to 735 ILLCS 5/15-1512:

   i.  The reasonable expenses of sale.

   ii.  The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, management fees, and, to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, reasonable attorneys' fees, payments made pursuant to Section 15-1505, and other legal expenses incurred by the mortgagee.

   iii.  Satisfaction of all claims in the order of priority as set forth in the Judgment of Foreclosure and Sale. If the issue of priorities was reserved pursuant to 735 ILCS 5/15-1506(h), the proceeds will be distributed as set forth in the order confirming sale.

   iv.  Any balance of proceeds due after the above distribution shall be held by the U.S. Marshal's Service conducting the sale until further order of the Court.

## 6. RECEIPT UPON SALE AND CERTIFICATE OF SALE:

Upon and at the sale of mortgaged real estate, the U.S. Marshal's Service shall give to the purchaser a receipt of sale. The receipt shall describe the real estate purchased and shall show the amount paid or to be paid for the real estate. An additional receipt shall be given at the time of each subsequent payment. Upon payment in full of the amount bid, the U.S. Marshal's Service shall issue, in duplicate, and give to the purchaser, a Certificate of Sale in recordable form, which describes the

real estate purchased and states the amount paid. The Certificate of Sale shall be freely assignable.

## 7. REPORT OF SALE:

The U.S. Marshal's Service shall promptly make a report to the Court. The Report of Sale may be prepared by the Plaintiff to be reviewed and executed by the U.S. Marshal's Service. The U.S. Marshal's Service shall submit the report, or cause it to be submitted, for review by the Court at the time of Confirmation of Sale. The report shall include a copy of all receipts of sale.

## 8. CONFIRMATION OF SALE:

Upon motion and notice in accordance with court rules applicable to motions generally, the Court shall conduct a hearing to confirm the sale pursuant to 735 ILCS 5/15-1508. The Mortgagee, its Attorney, the U.S. Marshal's Service, or such other party designated by the Court, shall send notice of such hearing.

   a. Unless the Court finds that a notice required in accordance with 735 ILCS 5/15-1507(c) was not given, that the terms of the sale were unconscionable, that the sale was conducted fraudulently, or that justice was otherwise not done, the Court shall then enter an Order Confirming the Sale.

   b. The Order Confirming the Sale may include an Order for Possession. In the alternative, the Order for Possession may be by separate order.

   c. If the proceeds of the sale are not sufficient to satisfy those sums due to the Plaintiff, the Court shall enter a personal deficiency

judgment pursuant to 735 ILCS 5/15-1508(e). A personal deficiency judgment may be entered only if the Court finds that it has personal jurisdiction over the parties personally liable on the note and that said liability has not been discharged in bankruptcy. If the Court does not have personal jurisdiction over those parties liable on the note or if there is no personal liability based on other findings by the Court, the Court shall enter an in rem deficiency judgment.

**9. SPECIAL RIGHT TO REDEEM:**

If the subject real estate has been found to be residential, as defined by statute, and if the purchaser at the judicial sale was a mortgagee who was a party to the foreclosure, or its nominee, and the sale price is less than the amount specified in 735 ILCS 5/15-1603(d), then an owner of redemption, as set forth in Section 15-1603(a), shall have a special right to redeem, for a period ending by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmation by the Court. The period for such a special right to redeem ends 30 days after the date the sale is confirmed. Any real property so redeemed shall be subject to a lien for any deficiency remaining with the same lien priority as the underlying mortgage foreclosed herein, without any rights of homestead. If the United States is a party to this action by virtue of a lien of the Internal Revenue Service, the United States shall have 120 days from the date of sale within which to redeem the property from the sale. If the United States is otherwise a party to this action, the United States shall have one year from the date of the sale

to redeem the property.

**10. TERMINATION OF SUBORDINATE INTEREST:**

    a.    In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, the Defendants made parties to the foreclosure, in accordance with statutory provisions, all parties notified by a recorded notice of foreclosure, and all persons claiming by, through or under them, and for each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien, or right to redeem in and to the mortgaged real estate.

    b.    This Judgment and all orders entered pursuant to said Judgment are valid as stated above. The inadvertent failure to name a subordinate record claimant will not invalidate this Judgment. Plaintiff may amend the complaint for foreclosure to name such a party if it is made aware of the claim prior to the judicial sale without affecting the validity of the Judgment as to the other party Defendant(s). If a property has gone to sale or a sale has been confirmed, Plaintiff may vacate the sale and/or confirmation of sale and then proceed to amend its Complaint as noted above in this subparagraph b.

**11. ISSUANCE OF DEED:**

After the expiration of the mortgagor's reinstatement and redemption rights, payment of the purchase price by the successful bidder, and confirmation of the sale, the U.S. Marshal's Service shall promptly execute and issue a deed to the owner and holder of the Certificate of Sale pursuant to 735 ILCS 5/15-1509. Delivery of the deed shall be sufficient to pass title and will bar all claims of parties to the foreclosure and parties having notice by virtue of a recorded notice of foreclosure.

**12. JURISDICTION:**

The Court retains jurisdiction over the parties and subject matter of this cause for the purpose of enforcing this Judgment or vacating said Judgment if a reinstatement is made as set forth in this Judgment.

**13. EFFECT ON LEASES:**

The successful bidder at sale shall, upon confirmation of the sale, take its interest in the property subject to all bona fide leases or tenancies existing as of the date of initiation of this action for foreclosure, pursuant to and as defined by the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201 *et seq.*

## II. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment of Foreclosure and Sale (d/e 15) is ALLOWED subject to the terms set forth above.

IT IS SO ORDERED.

ENTERED: May 18, 2011.

FOR THE COURT:

                                           s/ Sue E. Myerscough
                                           SUE E. MYERSCOUGH
                                     UNITED STATE DISTRICT JUDGE